IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDUR RAZAKAH, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-2370 (EGS) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.,* | ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' OBJECTION TO PETITIONERS' RELATED CASE DESIGNATION**

Respondents hereby object to the Notice of Designation of Related Civil Cases Pending

in This or Any Other United States Court (the "Notice") filed by petitioners simultaneously with

their petition in the above-captioned case (dkt. no. 2).

Petitioners' Notice is potentially misleading in that it singles out one Guantanamo Bay

detainee habeas case, Mamet v. Bush, No. 05-CV-1886 (EGS), as if it were the primary or lead

case of all the Guantanamo Bay detainee habeas cases.  In fact, there are nearly 200 Guantanamo

habeas cases pending in this Court.  While the limited amount of space on the form doubtless

makes it impossible to list all the cases there, no principled reason exists for elevating Mamet to

the most prominent position in this manner.  The Mamet case was not the first filed or the most

recently filed case.  More importantly, that case is not any more "related" to the above-captioned

case than are the others.  Nevertheless, presumably because Mamet was listed on the Notice, the

docket entry (no. 2) for the Notice entered by the Clerk paraphrases its substance as "Case related

to Case No. 05cv1886(EGS)." without regard to all the other related cases.[1]

Respondents object to any implication that the instant case is somehow more related to

Mamet than to the other scores of pending Guantanamo Bay detainee cases.  Respondents believe

that all of the Guantanamo Bay cases should be stayed pending resolution of the effect of the

Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680.  Further, any

coordination of these cases should be effected by deliberate action of the Court and not through

arbitrary or incomplete application of the Court's process with respect to identification of related

cases.  Cf. L. Cv. R. 40.5(c) (in the event of an improvident assignment by the Clerk's Office due

to an errant related case designation, the new case may be transferred to the Calendar Committee

for a determination whether it should be reassigned at random).  In any event, a number of other

recently filed Guantanamo habeas cases in which misleading or incomplete Notices were filed

appear to have been sua sponte reassigned to other Judges.  See, e.g., Attash v. Bush, No. 05-CV-

1592 (originally assigned to Judge Kennedy based on petitioners' notice of related case,

reassigned to Judge Lamberth); El-Marqodi v. Bush, No. 05-CV-1649 (originally assigned to

Judge Urbina based on petitioners' notice of related case, reassigned to Judge Friedman).

Dated:  January 26, 2006                    Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

---

[1] To the extent that it would ever be appropriate to treat one particular case among
multiple equally related cases as preeminent, Local Civil Rule 40.5 suggests that the "oldest
related case" – not another case selected by counsel – should be the one to receive that
distinction.  See L. Cv. R. 40.5(c)(1) ("the Clerk shall assign the new case to the judge to whom
the oldest related case is assigned").

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
EDWARD H. WHITE
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Rm. 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents