IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ x
:
ABDUR RAZAKAH, *et al.* : Civil Action No. 05 CV 2370 (EGS)
:
           Petitioners, : Hon. Emmet G. Sullivan
:
    v. :
: **PETITIONERS' OPPOSITION**
GEORGE W. BUSH, *et al.* : **TO RESPONDENTS' OBJECTION**
: **TO PETITIONERS' RELATED**
           Respondents. : **CASE DESIGNATION**
:
_____ x

      Petitioners filed their Petition on December 12, 2005 and designated this case as related to *Mamet v. Bush*, No. 05-CV-1886 (EGS) (D.D.C.), pursuant to Local Civil Rule 40.5(a)(3). Counsel for Petitioners here also represent the petitioners in *Mamet*. Respondents object to Petitioners' designation, arguing that the designation is "potentially misleading in that it singles out one . . . case . . . as if it were the primary or lead case of all Guantanamo Bay detainee habeas cases," and that "no principled reason exists for elevating *Mamet* to the most prominent position in this manner." *See* Resp'ts' Objection to Pet's' Related Case Designation at 1 (Docket Entry #6). Respondent's generic objections ignore the specific facts of this case, which demonstrate that the current assignment of this case is entirely proper.

      Local Rule 40.5(a)(3) provides that "cases are deemed related when the earliest is still pending on the merits in the District Court and they . . . (ii) involve common issues of fact, or (iii) grow out of the same event or transaction." The exception articulated in 40.5(a)(3) to the general rule favoring the random assignment of cases is grounded in considerations of judicial economy. "It will often prove wasteful of time and resources for two judges to be handling cases

KL3:2495304.1

that are so related that they involve common factual issues or grow out of the same event or transaction." *Tripp v. Executive Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). The rationale underlying the exception is readily discernible here.

Petitioners designated their case as related to *Mamet* because the two cases share a unique factual and legal nexus – a nexus that made it sensible for the same counsel to represent the petitioners in both cases. Like the *Mamet* petitioners, Petitioners here are Uighurs, a Turkic Muslim minority group originating in China that has been brutally repressed by the Chinese government. Petition ¶ 4.

Moreover, the specific facts relating to the initial detention of Petitioner Abdur Razakah are identical to those of the *Mamet* petitioners. Petitioner Abdur Razakah did not take up arms against U.S. forces, and did not support forces hostile to or engaged in armed conflict with the United States. He eventually made his way to Pakistan with a large number of other refugees, including the *Mamet* petitioners. He was detained by Pakistani authorities and eventually turned over to the U.S. military, along with the *Mamet* petitioners. The United States paid a $5,000 bounty for him, as it did for each of the *Mamet* petitioners. Petition ¶ 15.

Also like the *Mamet* petitioners, Petitioners Abdur Razakah and Ahmad Doe are among a group of fifteen Uighurs held in Guantánamo who have twice been cleared for release from Guantánamo – once after a Pentagon review in late 2003 and again in March 2005. Petition ¶ 18. Although the Government has cleared these Uighurs for release, they nevertheless continue to be held indefinitely and virtually *incommunicado* in Guantánamo. Petition ¶¶ 19-20. Apart from the *Mamet* petitioners and the petitioners before Judge Robertson in *Qassim v. Bush*, No. 05-CV-0497 (JR) (D.D.C.), there are few (if any) other detainees who continue to be imprisoned under such circumstances despite their exoneration.

As the Court recognized in *Qassim* – and as the Government has conceded in *Mamet* – none of the Uighur detainees in Guantánamo can be returned to China because they would almost certainly face persecution there. *See Qassim v. Bush*, 382 F. Supp. 2d 126, 128 (D.D.C. 2005); Resp'ts' Reply Mem. at 16 (Docket Entry #11), *Mamet v. Bush*, No. 05-CV-1886 (EGS) (D.D.C.) ("The Uighur NLECs in this case present a situation where the detainees cannot be repatriated to China due to concerns over potential mistreatment; efforts are underway, however, to locate a suitable country for transfer."). Press reports further indicate that the Government has tried, thus far unsuccessfully, to convince a third country to take in the Uighurs from Guantánamo. *See* Demetri Sevastopulo, *Uighurs face return to China from Guantanamo*, FIN. TIMES, Mar. 16, 2005, at 14. These reports suggest the Government's tacit acknowledgment that a collective solution to the unique predicament faced by the Uighur detainees is necessary and appropriate.

Respondents do not address, much less contest, the obvious factual nexus between the instant case and *Mamet*. Nor do Respondents acknowledge that the petitioners in each case are represented by the same undersigned counsel. Because the petitioners in these cases are represented by the same counsel, it is certain that the Court will be required to consider the same legal issues in both cases. In short, the interests of judicial economy and consistency of treatment for these similarly situated – and identically represented – detainees weigh overwhelmingly in favor of having the same judge hear both cases, a reality that Respondents essentially concede by failing to mount a specific, fact-based challenge.

Moreover, although Respondents may contend that the legal issues raised in this case are identical to those raised in pending appeals of orders by Judge Green and Judge Leon in *In re Guantánamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), and *Khalid v. Bush*, 355

-3-

F. Supp. 2d 311 (D.D.C. 2005), Judge Robertson has previously noted that "[n]either of the twinned cases now pending before the Court of Appeals presents, or appears to have contemplated, the case of a detainee who has been through the CSRT process and declared no longer an enemy combatant."  *Qassim*, 382 F. Supp. 2d at 128.  Those appeals also fail to contemplate in any way the cases of detainees who, like Petitioners, have been wrongly designated as "enemy combatants" but nonetheless have been cleared by the Government for release yet remain incarcerated.

Accordingly, because for all of the foregoing reasons there is no basis for reassignment, this Court should maintain jurisdiction over these properly related cases.

Dated: February 3, 2006

Respectfully submitted,

Counsel for Petitioners:

/s/ Paul Schoeman
Paul Schoeman (Pursuant to LCvR 83.2(g))
J. Wells Dixon (Pursuant to LCvR 83.2(g))
Joel Taylor (Pursuant to LCvR 83.2(g))
Alison Sclater (Pursuant to LCvR 83.2(g))
Michael J. Sternhell (Pursuant to LCvR 83.2(g))
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100
Fax: (212) 715-8000

Barbara Olshansky (NY-0057)
Tina Monshipour Foster (Pursuant to LCvR 83.2(g))
Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499