IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------- x
                                                          :
ABDUR RAZAKAH, *et al.*,                                  :
                                                          :
                              Petitioners,                :
                                                          :
              v.                                          :   Civil Action No. 05-cv-02370 (EGS)
                                                          :
GEORGE W. BUSH, *et al.*,                                 :
                                                          :
                              Respondents.                :
                                                          :
---------------------------------------------------------- x

**PETITIONERS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER
SUPPORT OF THEIR MOTION FOR AN ORDER TO SHOW CAUSE
<u>WHY RESPONDENTS SHOULD NOT BE HELD IN CONTEMPT</u>**

On April 20, 2006, Petitioners Abdur Razakah and Ahmad Doe ("Petitioners"), filed a motion for an order to show cause why Respondents should not be held in contempt of the Amended Protective Order entered by the Court on March 17, 2006. That motion is based on Respondent's ongoing refusal to allow Petitioners access to counsel in contravention of the Amended Protective Order. Petitioners' motion cited Magistrate Judge Kay's recent decision in *Adem v. Bush* holding: "The Protective Order manifestly does not require evidence of authority to represent a detainee as a ***prerequisite*** to counsel meeting with a detainee. Rather, the Protective Order plainly provides that counsel who purportedly represent a particular detainee must provide evidence of their authority to represent that detainee within ***10 days*** of counsel's ***second visit*** with the detainee." Mem. Op. at 5, *Adem v. Bush*, No. 05-cv-00723 (RWR) (AK) (D.D.C. Mar. 14, 2006) (dkt. no. 36) (emphases in original).

KL3:2515915.1

In their motion for an order to show cause, Petitioners herein advised the Court that Respondents in *Adem* moved for reconsideration of Magistrate Judge Kay's ruling on April 4, 2006. Pet'r's Mot. for an Order to Show Cause at 6 n.6 (dkt. no. 17). Petitioners now respectfully place before the Court Judge Roberts' recent opinion denying Respondents' motion for reconsideration of Judge Kay's prior ruling in *Adem*. Mem. Op. and Order, *Adem v. Bush*, No. 05-cv-00723 (RWR) (AK) (D.D.C. April 28, 2006) (dkt. no. 42) (attached hereto as Ex. A). In denying Respondents' motion, Judge Roberts noted:

> Aside from the fact that the plain language of the protective order does not require evidence that the petitioner directly authorized the particular lawyer to file a petition before the lawyer has even met the detainee, any such requirement prior to counsel meeting a Guantanamo detainee would unjustly pose a conundrum for petitioner. That Adem has requested a lawyer to represent him is not disputed. Requiring a Guantanamo detainee to identify a specific lawyer from among all the volunteer lawyers – most of whom are unknown to the detainee before a meeting – is a meaningless exercise. It would be unconscionable to tether a detainee's access to counsel to such an unworkable prerequisite.
>
> . . .
>
> Respondents concede that the protective order remains in effect. Mem. Op. at 21. A court has inherent power to enforce its own lawful orders. *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006). Adem has a right to counsel under the rule in *Al Odah v. United States*, 346 F. Supp. 2d 1, 8 (D.D.C. 2004). The protective order establishes the procedures to follow in facilitating a detainee's access to counsel given the unusual circumstances of detention at Guantanamo. Enforcing the terms of the protective order in this case does not pose a danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief.

*Id*. at 16-17.

    For these reasons and the reasons fully set forth in their motion, Petitioners respectfully request that the Court hold Respondents in contempt of the Amended Protective Order and order them to permit Petitioners access to their counsel.

Dated: New York, New York
    May 2, 2006

          Respectfully submitted,

          Counsel for Petitioners:

          /s/ Paul Schoeman
          Paul Schoeman (Pursuant to LCvR 83.2(g))
          J. Wells Dixon (Pursuant to LCvR 83.2(g))
          Joel Taylor (Pursuant to LCvR 83.2(g))
          Michael J. Sternhell (Pursuant to LCvR 83.2(g))
          KRAMER LEVIN NAFTALIS & FRANKEL LLP
          1177 Avenue of the Americas
          New York, New York  10036
          Tel:  (212) 715-9100
          Fax:  (212) 715-8000

          Alison Sclater (Pursuant to LCvR 83.2(g))
          245 East 80th Street
          New York, New York  10021
          Tel:  (212) 717-2736

          Barbara Olshansky (NY-0057)
          Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
          CENTER FOR CONSTITUTIONAL RIGHTS
          666 Broadway, 7th Floor
          New York, New York  10012
          Tel:  (212) 614-6439
          Fax:  (212) 614-6499