UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
ABDURE RAZAKAH, et al.,        )
                               )
            Petitioners,       )
                               )
                               )    Civ. No. 05-2370 (EGS)
        v.                     )
                               )
GEORGE W. BUSH, et al.,        )
                               )
            Respondents.       )
_____)
```

### ORDER

This matter is before the Court on petitioners' Motion for an Order to Show Cause Why Respondents Should Not be Held in Contempt.  Upon consideration of the motion, the response and reply thereto, petitioner's motion is **GRANTED in part** and **DENIED in part.**  Respondents are ordered to comply with the Protective Order and allow petitioners' counsel to visit with the petitioners as soon as possible.  However, petitioners' request that the respondents be sanctioned by contempt is denied as not warranted.  *See Armstrong v. Executive Office of the President, Office of Admin.*, 1 F.3d. 1274, 1289 (D.C. Cir. 1993).

On December 12, 2005, counsel for petitioners filed a petition for *writ of habeas corpus* on behalf of detainees Abdur Razakah and Ahmad Doe, submitted through a next friend, detainee Usama Hasan Abu Kabir.  On January 12, 2006, petitioners filed a

1

motion for expedited entry of the Amended Protective Order, first entered by Judge Joyce Hens Green in *Ab-dah, et. al., v. Bush et al.*, No. 04-CV-1254 (HHK)(D.D.C.), and other coordinated Guantanamo detainee cases to make it possible for petitioners to meet with their counsel.  On March 17, 2006, the Court entered the Protective Order and related, supplementary orders, to this case.[1]  On April 4, 2006, petitioners' counsel submitted a request to respondents for permission to visit petitioners at Guantanamo between May 15 and 18, 2006.  Respondents denied counsel's request.  To date, petitioners' counsel have yet to visit or speak with their clients.  Petitioners request that the Court hold respondents in contempt of the Protective Order and order them to permit petitioners access to their counsel.

Respondents contend that petitioners' requested relief of this Court should be denied because the Detainee Treatment Act of 2005 ("DTA") withdraws jurisdiction from the Court to grant such relief, and, notwithstanding the withdrawal of the Court's jurisdiction, respondents are not in contempt of the Protective

---

[1] *See* the Minute Order in this case, dated March 17, 2006, entering the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)); the Order Addressing Designation Procedures for "Protected Information," issued on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, issued on December 13, 2004, in the *In re Guantanamo Bay Detainee Cases*, No. 02-CV-299, *et al.*

Order in this case. The Protective Order, by setting certain terms, conditions and limitations for counsel visits, certainly contemplates and permits counsel visits; however, the Protective Order does not order respondents to provide a visit on demand of counsel. Also, petitioners' counsel have yet to satisfy the prerequisites of being granted access to petitioners under the Protective Order. Specifically, counsel have not provided appropriate evidence of their authority to represent the petitioners. Finally, respondents argue, given that this case was filed through a "next friend" and they are challenging the standing of this "next friend," this case is jurisdictionally improper. Accordingly, respondents argue that there is no basis for contempt.

Central to the Protective Order is its provisions for access to counsel. Guantanamo detainees' rights to meet with counsel under the Protective Order is independent of the question of the Court's jurisdiction to rule on their *habeas* petitions. *See Saleh Ali Abdullah Al Salami, et al., v. Bush, et al.*, No. 05-CV-2452, Order (D.D.C. Apr. 13, 2006) (finding the entrance of the Protective Order appropriate post-DTA); *Salim Muhood Adem v. Bush et al.*, 2006 WL 751309 (D.D.C. Mar. 21, 2006) (holding that access to counsel issues pursuant to the Protective Order do not implicate any jurisdictional questions currently pending). Accordingly, because the Court has inherent powers to enforce its

own lawful orders, *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006), and because enforcing the terms of the protective order does not pose a danger of exceeding the Court's jurisdiction, *Salim Muhood Adem v. Bush et al.*, No. 05-CV-723, Memorandum Opinion and Order (D.D.C. Apr. 28, 2006), the Court will address the merits of petitioners' requested relief.

Substantially for the reasons articulated by Magistrate Judge Alan Kay in *Adem*, 2006 WL 751309 (affirmed by Judge Roberts, 05-CV-723, Memorandum Opinion and Order (D.D.C. Apr. 28, 2006) and *Sadar Doe, et al., v. Bush, et al.*, No. 05-CV-1704, Memorandum Order (D.D.C. May 11, 2006), the Court finds that a plain reading of the Protective Order dictates that petitioners' counsel be allowed to meet with their clients in order to obtain the very authorization of representation that respondents insist be provided prior to any visits.  The Protective Order does not require evidence of authority to represent a detainee as a prerequisite to counsel meeting with a detainee. *Adem*, 2006 WL 751309, *2.  Rather, the Protective Order provides that counsel, who purportedly represent a particular detainee, must provide evidence of his authority to represent that detainee within 10 days of counsel's second visit with the detainee. *Id*. *See also* Protective Order, Ex. A. § III.C.2.  In short, as articulated by Judge Kay in *Adem*, the only information that counsel must submit to respondents before being permitted to meet with a detainee is

4

the "Notification of Representation." *See* Protective Order, Ex. A. § III.C.1.

Further, even though petitioners' *habeas* petition was filed through Usama Hasan Abu Kabir as "next friend," the Protective Order still grants counsel two visits with petitioners directly, plus ten days, before any challenge to Kabir's standing as next friend would be ripe. *See Adem*, 2006 WL 751309, *12. The fact that the pending *habeas* petition was filed through a "next friend" does not stand in the way of counsel visits under the Protective Order.[2] Accordingly, it is hereby

**ORDERED** that petitioners' Motion for an Order to Show Cause Why Respondents Should Not be Held in Contempt is **GRANTED in part** and **DENIED in part**; and it is

**FURTHER ORDERED** that respondents are to comply with the Protective Order and allow petitioners' counsel to meet with them in person as soon as possible; and it is

**FURTHER ORDERED** that petitioners' request to hold

---

[2] In fact, as explained in *Adem*, if a detainee's *habeas* petition was filed through a "next friend," after counsel visit and upon receiving evidence of counsel's authority to represent the detainee, the court would simply convert the "next friend" petition into a direct petition. On the other hand, if evidence of counsel's authority to represent the detainee is not forthcoming within ten days of counsel's second visit with the detainee, then, and only then, would a motion to dismiss for lack of proper "next friend" standing be appropriate. 2006 WL 751309, *2.

respondents in contempt of the Protective Order is denied.

**SO ORDERED.**


**SIGNED:    Emmet G. Sullivan**
**            United States District Court**
**            May 18, 2006**