IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――――――― x
                                                :

ABDUR RAZAKAH, *et al.*,                 :

                Petitioners,        :

                                                :  Civil Action No. 05 CV 2370 (EGS)
                   v.                       :

GEORGE W. BUSH, *et al.*,           :

                Respondents.     :
―――――――――――――――――――――――― x

**PETITIONERS' MEMORANDUM FOR EXTENSION OF TIME
TO OPPOSE RESPONDENTS' MOTION FOR PROCEDURES
RELATED TO REVIEW OF CERTAIN DETAINEE MATERIALS
AND REQUEST FOR EXPEDITED BRIEFING**

       Petitioners Abdur Razakah and Ahmad Doe (together, "Petitioners") move for an extension of time until August 25, 2006 to respond to Respondents' motion that seeks leave to indiscriminately invade the attorney-client privilege and the protections of the work product doctrine.

       As this Court is aware, on January 12, 2006 Petitioners filed a motion for expedited entry of the Amended Protective Order previously entered by Judge Joyce Hens Green in *Ab-dah v. Bush*, No. 04-CV-1254 (HHK) (D.D.C.), and other coordinated Guantánamo detainee cases. Respondents opposed our motion on the ground that the Court lacked jurisdiction to grant the requested relief under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (the "DTA"). Respondents also implied – without explicitly moving – that the Court should dismiss the Petition for lack of next-friend standing.

KL3:2532564.1

- 2 -

On March 17, 2006, this Court entered an order granting our motion – despite Respondents' next-friend objections – and entered the Amended Protective Order. Nevertheless, Respondents continued to refuse to allow Petitioners to meet with their counsel on the basis of next-friend objections that were implicitly rejected by the Court. Petitioners were therefore compelled to move the Court to hold Respondents in contempt of the Amended Protective Order and order them to permit Petitioners access to their counsel. On May 18, 2006, the Court granted in part and denied in part Petitioners' motion and ordered that Respondents permit undersigned counsel to meet with Petitioners. Next week, Petitioners will finally meet with their counsel for the first time, nearly seven months after their petition for *habeas corpus* was filed.

Until counsel have had an opportunity to meet and talk with their clients next week, they do not have factual information that may be critical to respond to Respondents' motion. For instance, although counsel have sent Petitioners privileged correspondence, they do not know whether Petitioners have received it or whether it was seized by the government. Furthermore, until the notes of these meetings are declassified Petitioners are precluded from sharing relevant information with the Court.

What Petitioners do know is that nothing in the government's motion gives this Court any reason to believe that an intrusion into Petitioners' privilege is warranted. But, in order to fully respond to the motion, Petitioners and counsel need an opportunity to learn the specific facts as they relate to ***them***. This will only occur after Petitioners meet with their counsel and have the notes of these meetings reviewed and declassified by the Court Security Office. Therefore, Petitioners respectfully request that the Court extend the time for Petitioners to respond to the motion until August 25, 2006. *See Mohammon v. Bush*, 05-2386 (RBW) (D.D.C. July 14, 2006) (extending period to respond to motion to allow counsel time to discuss with cli-

ent held at Guantánamo).  Only then will counsel be in position to provide this Court with the information it needs to make a ruling based on the actual facts as they related to Petitioners rather than based on the generalizations put forward by the government.  Therefore, Petitioners respectfully request a modest extension of time – until August 25, 2006 – for the filing of their opposition to the Motion.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court extend their time to respond to the motion to August 25, 2006.

Dated:   New York, New York
         July 21, 2006

Respectfully submitted,

Counsel for Petitioners:

/s/ Paul Schoeman
Paul Schoeman (Pursuant to LCvR 83.2(g))
J. Wells Dixon (Pursuant to LCvR 83.2(g))
Joel Taylor (Pursuant to LCvR 83.2(g))
Michael J. Sternhell (Pursuant to LCvR 83.2(g))
Darren LaVerne (Pursuant to LCvR 83.2(g))
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Tel:  (212) 715-9100
Fax:  (212) 715-8000

Barbara Olshansky (NY-0057)
Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel:  (212) 614-6439
Fax:  (212) 614-6499

Alison Sclater (Pursuant to LCvR 83.2(g))
245 East 80th Street, #9J
New York, New York  10021
Tel:  (212) 717-2736