*Approved for Public Filing*
*by the CSO*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------- x
                                                           :
ABDUR RAZAKAH, *et al.*,                                   :
                                                           :
                    Petitioners,                           :
                                                           :   Civil Action No. 05 CV 2370 (EGS)
        v.                                                 :
                                                           :
GEORGE W. BUSH, *et al.*,                                  :
                                                           :
                    Respondents.                           :
                                                           :
---------------------------------------------------------- x

### PETITIONERS' MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS' MOTION FOR APPOINTMENT OF A "FILTER TEAM" TO EXAMINE PRIVILEGED COMMUNICATIONS

Petitioners Abdur Razakah and Ahmad Turson ("Petitioners"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to Respondents' motion for appointment of a Department of Defense "filter team" to examine privileged communications seized without notice or approval, filed July 7, 2006. Respondents' motion should be denied.

### INTRODUCTION

Petitioners are citizens of the Xinjiang Autonomous Region, a western province of China also commonly referred to as "Turkistan" or "East Turkistan." They are Uighurs, a Muslim ethnic group that has been brutally oppressed by the communist Chinese government. We understand that Petitioners – and all of the other Uighur detainees – were cleared for release from Guantánamo as long ago as 2003 but remain imprisoned indefinitely and virtually *incom-*

KL3:2538551.2

*Approved for Public Filing
by the CSO*

*municado*, without having been charged, and without having been afforded any fair process by which they might challenge their detention. As detailed in the habeas corpus petition that Petitioners filed with this Court on December 12, 2005, Petitioners deny being "enemy combatants" and contend that they are being detained in violation of the Constitution, treaties and laws of the United States.[1]

On June 10, 2006, three detainees – two from Saudi Arabia and one from Yemen – died while in Respondents' exclusive care, custody and control, and while subject to the jurisdiction of the federal courts. Although they were detained virtually *incommunicado* for several years, none of these men had ever been charged with an offense or received a fair hearing at which he might challenge the legality of his indefinite detention. Immediately after the deaths of these men, the Naval Criminal Investigative Service ("NCIS") began a criminal investigation apparently to determine the cause and circumstances surrounding the deaths, including whether these detainees or other detainees may have engaged in a suicide "plot" intended as an act of "asymmetrical warfare" or a "good PR move."[2] After searching other cells in the same cell block where the deceased detainees were imprisoned, NCIS investigators allegedly found, *inter alia*, notes that "appeared to have been written by at least two of the deceased detainees," in Arabic, in the cell of another detainee. Respondents' Motion for Procedures Related to Review of Certain Detainee Materials and Request for Expedited Briefing, at 5-6.

---

[1] Respondents have not disputed that Petitioners have been cleared for release, but they have refused to provide a factual return to the Petition.

[2] *See* Carol Rosenberg, *Commander: Suicide Plots Continuing*, Miami Herald, June 20, 2006 (Statement of Rear Adm. Harry Harris, Jr.); Catherine Phillip, *US Dismisses Suicides as "Good PR Stunt"*, Times (U.K.), June 12, 2006 (Statement of Senior State Department Official Colleen Graffy).

KL3:2538551.2

*Approved for Public Filing
by the CSO*

On or about June 14, 2006, NCIS unilaterally seized nearly all of the detainees' attorney-client materials and other materials, apparently without regard to the location of the cell block in which the materials were found, the language in which they were written, or the nationality of the detainees from whom they were seized. NCIS agents subsequently conducted an initial review of materials taken from approximately 155 detainees – more than a third of the current detainee population at Guantánamo – including three envelopes containing confidential legal materials, without any prior notice to counsel or the Court.[3]

On July 7, 2006, Respondents filed a motion notifying the Court for the first time that they had seized 1,100 pounds of attorney-client materials and other materials from the detainees. Respondents also sought the creation of a Department of Defense "filter team" to review the seized materials and separate privileged and non-privileged documents. Respondents filed identical motions in every Guantánamo detainee case, except those few cases involving non-enemy combatant detainees, apparently without regard for whether materials were actually seized from the detainee-petitioners in each case.[4]

Respondents have no reason to believe that Petitioners were involved in the events under investigation by NCIS, and thus have no basis to seize and review materials from Petitioners that include attorney-client communications. Respondents' conduct here plainly vio-

---

[3] While Respondents initially claimed that the NCIS had reviewed (or "sorted," as Respondents' characterize it) materials taken from only eleven detainees, they have since amended that assertion to clarify that NCIS reviewed the contents of eleven bags of materials relating to approximately 155 detainees. *See* Declaration of Carol Kisthardt, attached as Ex. C. to Respondents' Supplemental Memorandum filed August 11, 2006 (dkt. no. 34).

[4] Respondents have since withdrawn their motion in certain cases where they have determined that no materials were seized from the petitioners. They have not done so here.

- 3 -
KL3:2538551.2

*Approved for Public Filing
by the CSO*

lated the attorney-client privilege and should not be sanctioned by the appointment of a Department of Defense "filter team" to sift through Petitioners' confidential communications.

## ARGUMENT

**Respondents have no reason to believe that Petitioners were involved in the events under investigation by NCIS, and thus have no basis to seize or review materials from Petitioners that include attorney-client communications.**

Respondents' motion should be denied for the reasons set forth by the petitioners in *Abdah v. Bush*, No. 04 CV 1254 (HHK) (AK) (D.D.C.) (July 18, 2006) (dkt. no. 177) (attached as Ex. A), and *Al Odah v. Bush*, No. 02 CV 0828 (CKK) (D.D.C.) (July 21, 2006) (dkt. no. 294) (attached as Ex. B).[5] As in those cases, Respondents have not made the particularized showing necessary to justify the unilateral seizure and examination of materials that include communications protected by the attorney-client privilege, much less an examination conducted in the first instance by the government itself. Respondents' blanket seizure of privileged material is particularly egregious in this case: Petitioners are two of seventeen Uighurs from western China currently imprisoned in Guantánamo. They speak Uighur, a Turkic language, not Arabic, and thus could not possibly have passed written communications to the detainees who died on June 10, or to any of the detainees involved in the other events under investigation by NCIS.

Even if Respondents could show that a review of materials seized from Petitioners is warranted – which they cannot – the appointment of a Department of Defense "filter" team

---

[5] Respondents' filter-team motions in *Abdah* and *Al Odah*, along with those filed in numerous other detainee cases, have been transferred to Judge Robertson for coordinated and expedited resolution, pursuant to Local Rule 40.6(a) and the Resolution of the Executive Session of the United States District Court from the District of Columbia adopted August 3, 2006. *See, e.g*, Order of Transfer, *Abdah v. Bush*, No. 04 CV 1254 (HHK) (D.D.C.) (August 18, 2006) (dkt. no. 190). Petitioners would have no objection should the Court do the same in this case.

KL3:2538551.2

would not be an appropriate remedy. On July 28, 2006, the Court of Appeals rejected a plan, proposed by the government and approved by the District Court, to create a government filter team to review potentially privileged materials seized by the government pursuant to a search warrant in a criminal investigation of Representative William J. Jefferson. *See United States v. Rayburn House Office Bld'g, Room 2113, Washington, D.C. 20515*, No. 06-3105, slip. op. at 1-2 (D.C. Cir. July 28, 2006). Respondents' filter team proposal here is virtually identical to the proposal recently rejected by the Court of Appeals. *See* Notice of Supplemental Authority, *Abdah v. Bush*, No. 04 CV 1254 (HHK) (AK) (D.D.C.) (July 31, 2006) (dkt. no. 184). Should the Court decide that a review of the materials seized from Petitioners by Respondents is warranted, the materials should instead be transferred forthwith to the custody of the Court or a Special Master appointed by the Court. In light of Respondents' unilateral and deliberate actions in violation of the attorney-client privilege and the Amended Protective Order, under no circumstances should the Department of Defense be permitted to continue to retain control of the seized materials.

*Approved for Public Filing
by the CSO*

## CONCLUSION

For the foregoing reasons, Respondents' motion should be denied.

Dated:   New York, New York
         August 25, 2006

                Respectfully submitted,

                Counsel for Petitioners:

                /s/ Paul Schoeman
                Paul Schoeman (Pursuant to LCvR 83.2(g))
                Joel Taylor (Pursuant to LCvR 83.2(g))
                Michael J. Sternhell (Pursuant to LCvR 83.2(g))
                Darren LaVerne (Pursuant to LCvR 83.2(g))
                KRAMER LEVIN NAFTALIS & FRANKEL LLP
                1177 Avenue of the Americas
                New York, New York 10036
                Tel: (212) 715-9100
                Fax: (212) 715-8000

                Barbara Olshansky (NY-0057)
                Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
                J. Wells Dixon (Pursuant to LCvR 83.2(g))
                CENTER FOR CONSTITUTIONAL RIGHTS
                666 Broadway, 7th Floor
                New York, New York 10012
                Tel: (212) 614-6439
                Fax: (212) 614-6499

                Alison Sclater (Pursuant to LCvR 83.2(g))
                245 East 80th Street, #9J
                New York, New York 10021
                Tel: (212) 717-2736

KL3:2538551.2