*PREVIOUSLY FILED WITH THE CSO*
*AND CLEARED FOR PUBLIC FILING*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------- x
ABDUR RAZAKAH, *et al.*, :
:
            Petitioners, :
: No. 05-CV-2370 (EGS)
      v. :
:
GEORGE W. BUSH, *et al.*, :
:
            Respondents. :
:
---------------------------------------------------------- x

## PETITIONERS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR PRODUCTION OF A FACTUAL RETURN

Petitioners Abdur Razakah and Ahmad Tourson ("Petitioners") respectfully submit this reply memorandum in further support of their motion for production of a factual return.

### INTRODUCTION

On December 19, 2006, Petitioners filed this motion for an order compelling Respondents to produce a factual return to their habeas corpus petition. One day later, Respondents filed a boilerplate opposition brief, advancing the same arguments previously rejected in numerous other detainee cases in this district. In the face of these cases – which, as Petitioners noted in their opening brief, ordered the production of information concerning the basis for detention notwithstanding the jurisdictional provisions of the Detainee Treatment Act ("DTA") and Military Commissions Act ("MCA") – Respondents continue to assert that this

KL3 2563976.3

*PREVIOUSLY FILED WITH THE CSO*
*AND CLEARED FOR PUBLIC FILING*

Court lacks the power to grant the requested relief. The Court should reject Respondents' arguments and order the production of a return without further delay.

## ARGUMENT

### I. RESPONDENTS' OPPOSITION IGNORES THE MANY DECISIONS IN THIS DISTRICT GRANTING THE REQUESTED RELIEF OVER RESPONDENTS' JURISDICTIONAL OBJECTIONS

Respondents contend that by granting Petitioners' motion, the Court would be asserting "jurisdiction and authority in this case inconsistent with the DTA's investment of exclusive jurisdiction in the Court of Appeals and the MCA's withdrawal of other forms of jurisdiction." Respondents' Opposition to Petitioners' Motion for Production of Factual Return ("Resp. Opp'n") at 3-4. Respondents ignore the many cases identified by Petitioners, *see* Petitioners' Motion for Production of Factual Return ("Opening Mem.") at 5-6, 7 n.4, where judges in this district (acting *sua sponte* in two instances, *see id.* at 6, 7 n.4) have ordered Respondents to produce factual information notwithstanding the DTA and the MCA.[1] Respondents fail to cite a single detainee case where the relief requested by Petitioners' motion has been denied.

Again, Petitioners have a particularly compelling need for information regarding the basis for their detention. Undersigned counsel believe that one or more Combatant Status Review Tribunal ("CSRT") panels may have determined, during the course of the almost five years Petitioners have been imprisoned in Guantánamo, that Petitioners are not enemy combatants – a fact which bears on both the legitimacy of the CSRT process and the relevance of the jurisdictional provisions in the DTA and MCA to Petitioners' case. *See* Opening Mem. at 8-

---

[1] *See also, e.g.*, Order, *Abdessalam v. Bush*, No. 06-CV-1761 (ESH) (D.D.C. Dec. 12, 2006) (dkt. no. 11) (entering protective order in case filed *after* enactment of the DTA, over Respondents' jurisdictional arguments under both the DTA and MCA).

KL3 2563976.3

11. In their Opposition, Respondents do not dispute this claim.[2] Yet Petitioners will be effectively denied the opportunity to prove that they have been subject to multiple, inconsistent CSRT rulings unless the Court orders Respondents to produce all information regarding the basis for their detention, including all documents relating to the CSRT process.[3]

## II. PETITIONERS' MOTION DOES NOT IMPLICATE THE STAY ORDER

Respondents argue that Petitioners' motion should be denied because the Court has stayed this case, "especially with respect to merits-related matters." Resp. Opp'n at 4. Respondents fail to address the numerous detainee cases cited by Petitioners where the requested relief has been granted notwithstanding similar stay orders, *see* Opening Mem. at 5 n.3. Nor do Respondents explain how they can reasonably contend that Petitioners' motion is "merits-

---

[2] In their opening brief, Petitioners supported their claim with documentary evidence gathered from other Uighur cases and a recent report issued by the Seton Hall University School of Law. *See* Opening Mem. at 8-11. Respondents do not engage this evidence or directly deny Petitioners' claim. Rather, they assert obliquely that Petitioners "have been determined to be enemy combatants," Resp. Opp'n at 2 n.1, and refer Petitioners to the Declaration of Karen L. Hecker, *see* Resp. Opp'n at Ex. A. Nothing in Ms. Hecker's declaration, of course, rules out the possibility that Petitioners (like the Uighur detainee Hassan Anvar in *Thabid v. Bush*, No. 05-CV-2398 (ESH) (D.D.C.), *see* Opening Mem. at 10) were initially determined not to be enemy combatants, but then subjected to successive CSRT panels until a panel ultimately found Petitioners to be enemy combatants.

[3] As noted in their opening brief, Petitioners also seek production of documents relating to their Administrative Review Board ("ARB") proceedings. *See* Opening Mem. at 3. Respondents assert, in characteristic fashion, that the ARB proceedings are "not properly before this Court," without any citation to relevant authority. *See* Resp. Opp'n at 6. Petitioners are entitled to documents from the ARB proceedings because, as Respondents concede, the ARB proceedings determine whether Respondents will "continue to detain an individual who has already been determined to be an enemy combatant in CSRT proceedings." *Id.* at 7. Moreover, in at least one case, an ARB panel has apparently charged a detainee with acts purportedly justifying his detention that were not alleged at his CSRT review. *See* Petitioner El Falesteny's Motion for Order Requiring Respondents to Provide Counsel for Petitioner with Factual Returns, at 2, *Mohammon v. Bush*, No. 05-CV-2386 (RBW) (dkt. no. 204) ("Mr. El Falesteny wrote his counsel a letter in which he indicated that an ARB had been held that had charges with significant differences from those leveled during his CSRT.") Petitioners thus will not be assured that they have a complete and accurate record of why they are being detained unless Respondents are ordered to produce documents relating to both their CSRT and ARB proceedings. Respondents have not claimed that any prejudice will arise from disclosing these records.

*PREVIOUSLY FILED WITH THE CSO
AND CLEARED FOR PUBLIC FILING*

related" when it asks only for basic information, *see Al-Ghizzawi v. Bush*, No. 05-CV-2378 (JDB), slip op. at 3 (D.D.C. Aug. 9, 2006) (finding that petitioner's motion for a factual return "does not approach the merits [of his habeas petition]"), to which Petitioners are entitled by statute even if their petition is ultimately deemed meritless. *See* 28 U.S.C. § 2243 (2006). And, again, regardless of the result in *Al Odah v. United States*, No. 05-5064 (D.C. Cir.) – pending which this case has been stayed – Respondents will have to produce to Petitioners information detailing the basis for the determination that they are "enemy combatants" who have been properly detained in Guantánamo. *See Feghoul v. Bush*, No. 06-CV-618 (RWR), slip op. at 2-3 (D.D.C. Oct. 31, 2006) ("Despite the lack of finality regarding the issues on appeal . . . it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right – a meaningful communication with counsel regarding the factual basis of petitioner's detention."). This fact completely undercuts the only elaborated rationale Respondents advance for why the stay should bar the relief requested by this motion, *see* Resp. Opp'n at 5 ("[A]ny decision by this Court regarding [P]etitioners' motion would have to be relitigated or revisited once the [D.C. Circuit] Court of Appeals provides its guidance [in the pending cases on appeal]").

The Court advised counsel in its March 17, 2006 minute order that nothing in its stay should preclude the filing of "appropriate pleadings." The present motion, like the other motions that the Court has entertained and decided since the issuance of the stay, *see, e.g.*, Order granting Petitioners' motion for thirty-days' advance notice of intended removal (August 17, 2006) (dkt. no. 36), falls well within this proscription.

*PREVIOUSLY FILED WITH THE CSO*
*AND CLEARED FOR PUBLIC FILING*

### III. RESPONDENTS' REMAINING ARGUMENTS FOR REFUSING TO PRODUCE A FACTUAL RETURN ARE FRIVOLOUS AND DILATORY

As they have tried, unsuccessfully, in numerous other cases, Respondents seek here to avoid providing counsel with basic information regarding the five-year, open-ended detention of Petitioners on the ground that "the preparation of returns is not an inconsequential task," and would impose upon them "logistical burdens." Resp. Opp'n at 5. This is a frivolous assertion, both because Respondents have been able to promptly assemble the requested information in other habeas cases and FOIA proceedings, *see* Opening Mem. at 12-14, and in light of the extreme prejudice – namely, continued detention and deprivation of due process rights – that Petitioners face as a result of Respondents' intentionally dilatory approach to this litigation. Equally absurd is Respondents' claim that they need ninety days to produce Petitioners' factual return. In the cases cited by Petitioners (again, not addressed by Respondents), judges in this district have ordered Respondents to provide returns in a week or less. *See* Opening Mem. at 14. Respondents offer no credible reason why a similar result should not obtain here.

Finally, Respondents argue they should not be required to produce returns to counsel because the returns may contain classified information. *See* Resp. Opp'n at 5. Counsel endured a rigorous security clearance process for the very purpose of obtaining the kind of information sought by this motion. This is an utterly meritless ground for resistance.

### CONCLUSION

For the foregoing reasons and for the reasons contained in their opening memorandum, Petitioners respectfully request that the Court order Respondents to produce a

KL3 2563976.3

*PREVIOUSLY FILED WITH THE CSO AND CLEARED FOR PUBLIC FILING*

factual return – including all records relating to their CSRT and ARB proceedings – within ten days of the Court's order.

Dated:   New York, New York
         December 29, 2006

> Respectfully submitted,
>
> Counsel for Petitioners:
>
> /s/ Paul Schoeman
>
> Paul Schoeman (Pursuant to LCvR 83.2(g))
> Michael J. Sternhell (Pursuant to LCvR 83.2(g))
> Darren LaVerne (Pursuant to LCvR 83.2(g))
> Seema Saifee (Pursuant to LCvR 83.2(g))
> KRAMER LEVIN NAFTALIS & FRANKEL LLP
> 1177 Avenue of the Americas
> New York, New York 10036
> Tel: (212) 715-9100
> Fax: (212) 715-8000
>
> Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
> J. Wells Dixon (Pursuant to LCvR 83.2(g))
> CENTER FOR CONSTITUTIONAL RIGHTS
> 666 Broadway, 7th Floor
> New York, New York 10012
> Tel: (212) 614-6464
> Fax: (212) 614-6499
>
> Alison Sclater (Pursuant to LCvR 83.2(g))
> 245 East 80th Street, #9J
> New York, New York 10021
> Tel: (212) 717-2736

KL3 2563976.3