UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ABDUR RAZAKAH, *et al.*,             )
                                    )
         Petitioners,                )
                                    )
    v.                               )   Civil Action No. 05-2370 (EGS)
                                    )
GEORGE W. BUSH, *et al.*             )
                                    )
         Respondents.                )
_____)

**MEMORANDUM OPINION AND ORDER**

On December 19, 2006, Petitioners Abdur Razakah and Ahmad Doe [Tourson] -- citizens of the Xinjiang Autonomous Region of China -- requested that the Court issue an order requiring respondents to provide a factual return setting forth the basis for their detention. Petitioners have been detained at the United States Naval Station in Guantanamo Bay ("Guantanamo") since 2002. In December 2005, petitioners filed a petition for habeas corpus challenging the legality of their confinement. Petitioners claim that respondents have refused to produce a factual return or any other information justifying their detention since petitioners filed their habeas petition. For the reasons stated by the Court in *Al-Ghizzawi v. Bush*, Civil No. 05-2378 (D.D.C. Aug. 9, 2006) (Mem. Op. and Order) and *Kahn v. Bush*, Civil No. 05-1001 (D.D.C. Aug. 10, 2006) (Mem. Op. and Order), the Court grants the Motion for Production of Factual Return.

Respondents do not dispute petitioners' right to notice of the factual basis for their detention or to be represented by

counsel to challenge the legality of their detention. Rather, respondents argue that this Court should deny the request for an order requiring a factual return because the Court lacks jurisdiction over the habeas petition under the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, and the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, 119 Stat. 2680. The D.C. Circuit is currently considering challenges to the MCA and DTA and has not yet determined whether this Court has in fact been stripped of jurisdiction over the habeas claims of Guantanamo detainees. This is not an adequate reason to deny petitioners' motion because a factual return "will obviously be needed regardless of the resolution of the jurisdictional question." *Kahn*, Civil No. 05-1001 (D.D.C. Aug. 10, 2006) (Mem. Op. and Order) ("Without access to the information contained within a factual return, petitioner's counsel cannot offer anything approaching effective representation in these proceedings."); *see also Feghoul v. Bush*, Civil No. 06-618 (D.D.C. Oct. 31, 2006) (Mem. Order) ("Despite the lack of finality regarding the issues on appeal, . . . it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right -- a meaningful communication with counsel regarding the factual basis of petitioner's detention.").

Accordingly, it is hereby **ORDERED** that petitioners' Motion for Production of Factual Return is **GRANTED**; and it is

**FURTHER ORDERED** that respondents shall provide factual returns to the Court and petitioners' counsel by **March 30, 2007.** The factual returns shall provide all information necessary for a determination of whether Abdur Razakah and Ahmad Doe [Tourson] are properly subject to detention by the United States.

**IT IS SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**January 23, 2007**