IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDUR RAZAKAH (a/k/a Abdul Razzak), et al.,<br><br>   Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>   President of the United States, et al.,<br><br>   Respondents. | Civil Action No. 05-CV-2370 (EGS) |

**RESPONDENTS' FACTUAL RETURN TO PETITION FOR
WRIT OF HABEAS CORPUS BY PETITIONER ABDUR RAZAKAH
AND NOTICE OF SUBMISSION OF FACTUAL RETURN UNDER SEAL**

Respondents hereby submit, as explained herein, the final record of proceedings before the Combatant Status Review Tribunal pertaining to petitioner Abdal Razak Qadir (listed in the petition as Abdur Razakah a/k/a Abdul Razzak) as a factual return to petitioner's petition for writ of habeas corpus. For the reasons explained in the record, petitioner Abdal Razak Qadir has been determined to be an enemy combatant. Accordingly, petitioner Abdal Razak Qadir is lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise, and is being detained.[1]

---

[1] The D.C. Circuit held in <u>Boumediene v. Bush</u>, 476 F.3d 981 (D.C. Cir. 2007), <u>petition for cert. filed</u>, 75 U.S.L.W. 3483 (U.S. Mar. 5, 2007) (No. 06-1195), <u>and petition for cert. filed</u>, <u>Al Odah v. United States</u>, 75 U.S.L.W. 3483 (U.S. Mar. 5, 2007) (No. 06-1196), that U.S. district courts lack jurisdiction over habeas corpus and other actions challenging or otherwise relating to the detention of aliens held as enemy combatants. <u>See id.</u> at 988. The Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680, which was enacted on December 30, 2005, amended 28 U.S.C. § 2241 and created an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of aliens held by the Department of Defense as enemy combatants at Guantanamo Bay, Cuba. A subsequent statute, the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600

The portion of the record suitable for public release is attached hereto. See Exhibit A. The remaining portions of the record, including information that is classified or not suitable for public release, are being submitted under seal through the Court Security Officers. One copy of the factual return is being submitted to the Court for *in camera* review. Another copy of the factual return, containing information suitable for disclosure to counsel under seal, is being made available to petitioner's counsel who have been issued security clearances, consistent with the Protective Order. See March 17, 2006, Minute Order (applying Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004), and related orders, to this case). Any redactions made in the factual return are explained in the declaration(s)/certification(s) submitted therewith. Both copies of the factual return contain highlighting, explained therein, consistent with the Court's Order for Specific Disclosures Relating to Respondents' Motion to Designate as "Protected Information" Unclassified Information and Petitioners' Motion for Access to Unredacted Factual Returns, entered on December 8, 2004 by Judge Green in the coordinated cases. Respondents have designated certain highlighted, unclassified information in the factual return as "protected

---

(2006) ("the MCA"), enacted on October 17, 2006, amended § 2241 to eliminate district court jurisdiction to consider habeas petitions and any other actions "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of aliens detained by the United States as enemy combatants. See id. § 7; Boumediene, 476 F.3d at 988. The MCA expressly applies the amendment "to all cases, without exception, pending on or after the date of the enactment of this Act," which includes the above-captioned case, thereby unambiguously divesting this Court of jurisdiction over this action. The questions raised in Boumediene concerned the applicability of the MCA to habeas cases and the constitutionality of that statute. The court ruled that the MCA is indeed applicable to habeas cases and that it is constitutional. Notwithstanding these provisions and the D.C. Circuit ruling, pursuant to the Court's January 23, 2007, Memorandum Opinion and Order, respondents hereby submit a factual return pertaining to petitioner Abdal Razak Qadir.

2

information" under the Protective Order. Pursuant to the Protective Order, once counsel for petitioner has reviewed the factual return and counsel for the parties have conferred, respondents will file a motion requesting that the Court designate the information in the factual return as "protected" pursuant to the Protective Order.[2]

For the reasons explained in the factual return, petitioner Abdal Razak Qadir has been determined to be an enemy combatant and is, therefore, lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise. Accordingly, the petition for writ of habeas corpus should be dismissed and the relief sought therein denied.

---

[2] Pursuant to the Protective Order, respondents are disclosing this information to petitioner's counsel, who shall treat such information as "protected" unless and until the Court rules that the information should not be designated as "protected."

Dated: March 30, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

　/s/ JAMES C. LUH
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460

Attorneys for Respondents