IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:  )<br>  )<br>  )<br>GUANTANAMO BAY  )<br>DETAINEE LITIGATION  )<br>  )<br>  )<br>  )<br>  )<br>  )  | Misc. No. 08-MC-442 (TFH)<br><br>Civil Action Nos.  05-1509 (RMU)<br>05-1602 (RMU)<br>05-1704 (RMU)<br>05-2370 (RMU)<br>05-2398 (RMU)<br>08-1310 (RMU) |

## JOINT STATUS REPORT

Pursuant to the Court's August 19, 2008 Order, undersigned counsel for petitioners and respondents in the above-captioned cases jointly state as follows:

1. *Whether Factual Returns Are Necessary For Each Of The Petitioners*

   a. *Respondents' Position*

With respect to five petitioners – Huzaifa Parhat (ISN 320), Abdul Semet (ISN 295), Jalal Jalaldin (ISN 285), Khalid Ali (ISN 280), Sabir Osman (ISN 282) – respondents have determined that further litigation over petitioners' status is unnecessary and, therefore, factual returns are not necessary. For these petitioners, remedy is the only outstanding issue.

As to the remaining twelve petitioners, respondents are in the process of completing a comprehensive review of their information to determine, in light of *Parhat v. Gates*, __ F.3d __, 2008 WL 2576977 (D.C. Cir. 2008), *rhg. pet. pending* (filed August 4, 2008), whether they should be treated the same as the other five petitioners. Respondents anticipate this review will be completed by the deadline for the submission of the first batch of factual returns in these cases (*see infra* section 2). In the event that respondents determine that further litigation over these petitioners' status is unnecessary, respondents will notify the Court. If such a decision is

not made, respondents will file factual returns in accordance with the schedule set out below.

    2.    *The Date Each Factual Return (or Amended Return) Is Due*

        a.    *Respondents' Position*

As noted above, with respect to five petitioners – Huzaifa Parhat (ISN 320), Abdul Semet (ISN 295), Jalal Jalaldin (ISN 285), Khalid Ali (ISN 280), Sabir Osman (ISN 282) – respondents have determined that further litigation over petitioners' status is unnecessary and respondents will not file factual returns for these petitioners.[1]

For the remaining twelve petitioners, consistent with the schedule established by Judge Hogan's July 11, 2008 Order in 08-MC-442 (TFH),[2] and recognizing that Judge Hogan's Order allows for adjustment to the sequencing of factual returns,[3] the schedule for production of factual returns that respondents intend to follow, should factual returns be necessary, is as follows:

---

[1] Had respondents not decided that further litigation was unnecessary for the five petitioners listed above, factual returns for those petitioners would have been due on September 30.

[2] Judge Hogan's July 11 Order was entered in all of the above-captioned cases except *Razakah v. Bush*, 05-CV-2370. *Razakah* was excluded from Judge Hogan's July 11 Order because the case was originally assigned to Judge Sullivan, who has retained the Guantanamo Bay cases originally assigned to him, but has since reassigned *Razakah* to this Court's docket. For this reason, no schedule has been established for the production of factual returns in *Razakah*. The chart listed above assumes application of Judge Hogan's factual return schedule to the *Razakah* case.

[3] Even without any adjustments, none of the returns for the petitioners in these cases would be due before the end of September.

| Name | ISN | Civil Action Number | Date Factual Return Due |
|---|---|---|---|
| Abdul Sabour | 275 | 05-1509 | September 30 |
| Abdul Nasser | 278 | 05-1509 | September 30 |
| Hammad Memet | 328 | 05-1509 | September 30 |
| Edham Mamet | 102 | 05-1602 | September 30 |
| Arkin Mahmud | 103 | 05-1704 | September 30 |
| Bahtiyar Mahnut | 277 | 05-1704 | September 30 |
| Ahmad Tourson | 201 | 05-2370 | October 31 |
| Abdur Razakah | 219 | 05-2370 | October 31 |
| Anwar Hassan | 250 | 05-2398 | October 31 |
| Dawut Abdurehim | 289 | 05-2398 | October 31 |
| Abdul Ghappar Abdul Rahman | 281 | 08-1310 | October 31 |
| Adel Noori | 584 | 08-1310 | October 31 |

3.     *The Efforts Undertaken By Respondents To Resettle Petitioners*

Submitted to the Court Security Officers as Exhibit 1 is the classified declaration of Ambassador Clint Williamson, Ambassador At Large For War Crimes Issues.  The declaration describes the Department of State's efforts to pursue resettlement options for petitioners and specifically addresses the point as to which the Court directed respondents to give special attention.  The full submission cannot be filed on the public record because it contains classified information.  The full submission is being filed with the Court under seal through the Court Security Office, pursuant to the protective orders entered in the above-captioned cases.  Respondents will also provide a copy of the submission in its entirety to petitioners' counsel at the secure work facility for habeas counsel.

  4. *The Date By Which Respondents Anticipate Transferring Petitioners Parhat, Semet, Jalaldin, Ali, and Osman*

The Court is respectfully referred to Exhibit 1, the declaration of Ambassador Clint Williamson, Ambassador At Large For War Crimes Issues. As explained therein, although the Department of State is engaged in diligent efforts to resettle the 17 Uighur petitioners, there is not date for resettlement.

  5. *Adequacy of Next-Friend Authorizations*

    a. *Petitioners' Position*:

*See* Exhibit 2.

    b. *Respondents' Position*:

The habeas corpus petitions in these cases were filed in 2005 by putative "next friends" on behalf of the seventeen Uighur petitioners currently seeking relief. Merits proceedings in these cases should not be permitted to continue on the basis of the originally-filed next friend authorizations because those authorizations do not meet the legal standard for next-fried standing set forth by the Supreme Court in *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Next friend standing is not automatically granted to anyone who seeks to pursue an action behalf of another person. *See id.* at 163. To obtain next friend standing, the purported next friend must satisfy the "two firmly rooted prerequisites" articulated by the Supreme Court in *Whitmore*: (1) "provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) have a significant relationship with the petitioner in order to demonstrate that he is truly dedicated to the petitioner's best interests. *Id.* at 163-64.

Petitioners cannot satisfy the first prong of the *Whitmore* test because they have not provided an adequate explanation why the petitioners seeking relief cannot now appear on their own behalf. Since the protective orders were entered in these cases, petitioners' counsel have had the opportunity to visit petitioners at Guantanamo Bay on numerous occasions. Indeed, this Court in *Kiyemba v. Bush*, ordered that petitioners' counsel be permitted to visit Guantanamo for the very purpose of obtaining a direct authorization from the petitioners seeking relief. *See Kiyemba v. Bush*, 05-CV-1509 (RMU) (dkt. No. 82) (Aug. 7, 2008). Consequently, there can be no argument that petitioners' counsel are not in a position to provide this Court with direct authorizations from the petitioners that establishes their consent to these cases proceeding, if they, in fact, have given such consent.

Furthermore, with the exception of petitioner Edham Mamet (ISN 102), whose brother is serving as his next-friend, the other sixteen petitioners also cannot establish that their putative next friends – two former Guantanamo Bay detainees – have a significant relationship with the petitioners. The requirement of a "significant relationship" with the real party in interest is necessary to ensure that a next friend will genuinely pursue the interests of the person in custody (who at all times remains the real party in interest) and will not (1) merely use the litigation as a vehicle for advancing his own agenda or (2) assume he or she is in tune with the real party's desires and interests. *See Whitmore*, 195 U.S. a 164 (cautioning against "intruders or uninvited meddlers" filing lawsuits on behalf of unwitting strangers). For this reason, courts have generally limited next friend standing to close relatives such as parents, siblings, and spouses. *See, e.g., Vargas v. Lambert*, 159 F.3d 1161, 1168 (9th Cir. 1998) (mother); *Smith ex rel. Missouri Pub. Defender Common v. Armontrout*, 812 F.2d 1050 (8th Cir. 1987) (brother).

Dated: August 19, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 /S/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
ANDREW I. WARDEN (IN Bar No. 23840-49)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 616-5084
Fax:  (202) 616-8470

Attorneys for Respondents

*************


Susan Baker Manning
BINGHAM McCUTCHEN LLP
2020 K Street NW
Washington, DC  20006
Telephone:  (202) 373-6000
Facsimile:  (202) 373-6001

Sabin Willett (Pursuant to LCvR 83.2(g))
Neil McGaraghan (Pursuant to LCvR 83.2(g))
Rheba Rutkowski (Pursuant to LCvR 83.2(g))
Jason S. Pinney (Pursuant to LCvR 83.2(g))
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, Massachusetts  02110
Telephone:  (617) 951-8000
Facsimile:  (617) 951-8736

*Counsel for Petitioners Abdul Nasser, Abdul*

*Sabour, Abdul Semet, Hammad Memet, Huzaifa Parhat, Jalal Jalaldin, Khalid Ali, Sabir Osman and Edham Mamet*

George Clarke
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington, DC  20005
Telephone:  (202) 626-1573
Facsimile:  (703) 598-5121

*Counsel for Petitioners Anwar Hassan and Dawut Abdurehim*

Eric A. Tirschwell (Pursuant to LCvR 83.2(g))
Michael J. Sternhell (Pursuant to LCvR 83.2(g))
Darren LaVerne (Pursuant to LCvR 83.2(g))
Seema Saifee (Pursuant to LCvR 83.2(g))
KRAMER LEVIN NAFTALIS
   & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

*Counsel to Petitioners Abdur Razakah, Ahmad Tourson, Abdul Ghappar Abdul Rahman and Adel Noori*

Elizabeth P. Gilson (Pursuant to LCvR 83.2(g))
383 Orange Street
New Haven, Connecticut  06511
Telephone:  (203) 777-4050
Facsimile:  (203) 787-3259

*Counsel for Petitioners Bahtiyar Mahnut and Arkin Mahmud*

J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York  10012
Telephone:  (212) 614-6464

Facsimile: (212) 614-6499

*Counsel for All Petitioners*